**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES DALTON BELL,**

    Petitioner,

vs.                                    Case No. 4:07cv506-SPM/WCS

**UNITED STATES OF AMERICA, et al.,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION**

    This cause is before the court on a pro se petition titled "Habeas Corpus Under 28 U.S.C. [§] 2241 for all pending and past criminal cases and prisoners."  Doc. 1.

    Petitioner has not paid the $5.00 filing fee or submitted a motion to proceed in forma pauperis.  *See* 28 U.S.C. § § 1914(a), 1915 (the clerk shall require party instituting a habeas corpus action to pay a $5.00 fee, or the court may authorize commencement in forma pauperis); § 2254 Rule 3(a) (applicable to § 2241 proceedings at the discretion of the court) (requiring that an original and two copies of a habeas corpus petition be accompanied by the filing fee or a motion to proceed in forma pauperis pursuant to § 1915).  There is no need to require Petitioner to submit either the

fee or motion to proceed in forma pauperis in this case, however, as the court lacks jurisdiction over the § 2241 petition.

In a letter submitted with the petition, addressed to Chief District Judge Hinkle, Petitioner explains that his petition "challenges the general criminal jurisdiction of each federal judge, including magistrates and appeals judges, over every federal criminal case." Doc. 2, p. 1. He asserts that his petition constructively informs the court and appellate judges that they must raise this issue sua sponte in every past and present criminal case. *Id.* He contends that the clerk must inform each judge and magistrate judge of this challenge by delivering copies of the petition to each judge. *Id.* Once provided constructive knowledge of this case, Petitioner claims that the failure of any judge to consider the issue sua sponte would amount to bias and judicial misconduct. *Id.*, p. 2.

Petitioner is currently incarcerated at the United States Prison in Tucson, Arizona. He was convicted in the Western District of Washington, and sentenced to ten years for interstate stalking and for using facilities of interstate commerce for interstate stalking. The conviction was affirmed on appeal in a published opinion. United States v. Bell, 303 F.3d 1187 (9th Cir. 2002).

Petitioner may not proceed on behalf of other inmates. A person may plead and conduct his own case personally or through counsel. 28 U.S.C. § 1658; Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("[a] litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing § 1658, other citation omitted). *See also* Fed.R.Civ.P. 11(a) (any paper presented to the court must be signed by at least one attorney or, if not represented by an attorney,

signed by the party). "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" 213 F.3d at 1321, *quoting* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). A party who is not a lawyer is not an adequate class representative under Fed.R.Civ.P. 23(a)(4); indeed it is plain error to permit a pro se prisoner to represent fellow inmates in a class action. *See* Fymbo, 213 F.3d at 1320-21; Oxendine, 509 F.2d at 1407; Wallace v. Smith, 145 Fed.Appx. 300, 302, 2005 WL 1842350 (11th Cir. 2005) (citing Oxendine, and Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir.1972) (affirming dismissal of portion of pro se inmate's complaint seeking relief on behalf of other inmates)).[1]

Treated as a challenge to Petitioner's own confinement, the court lacks jurisdiction. A 28 U.S.C. § 2255 motion must be filed in the sentencing court, and a § 2241 challenge to present physical confinement must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004).[2] This is not the district of Petitioner's sentencing or his confinement.

---

[1] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] For a challenge to the conviction or sentence, a habeas corpus petition may only proceed if the remedy afforded by § 2255 is "inadequate or ineffective." *See* Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted) (explaining this "savings clause" language of § 2255). Since a § 2241 petition must be brought in the district of confinement, a petition brought under the savings clause of § 2255 would have to be filed in the district of confinement. Padilla; *see also* Lee v. Wetzel, 244 F.3d 370, 373-374 and n. 3 (5th Cir. 2001) (the sentencing court does not have jurisdiction to consider the merits of a § 2241 petition brought under the savings clause, unless the petitioner or his custodian is also located there).

Case No. 4:07cv506-SPM/WCS

It is noted that Petitioner has filed petitions in other districts seeking the same relief sought here.  *See, e.g.*, report and recommendation (still pending) entered on the docket in the Southern District of Texas on December 7, 2007, case number 2:07cv462 (finding that the court lacked jurisdiction as Petitioner was not incarcerated in that district); order entered on the docket in the Western District of Texas on December 10, 2007, case number 6:07cv387 (same; also advising that submission of similar pleadings in the future would subject Petitioner to assessment of sanctions); report and recommendation (still pending) entered on the docket in the Souther District of Georgia on January 7, 2008, case number 4:07cv196 (same; noting "petitioner has filed identical or similar petitions in at least seventeen other districts during the last thirty days" so dismissal rather than transfer to the district of confinement was appropriate, also warning of sanctions for future filings).[3]

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2008.


      S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] These and other cases filed by Petitioner are available in PACER (Public Access to Electronic Records).

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**